UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MARK BRYANT,

                  Plaintiff,

  -against-

CITY OF NEW YORK, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN AND SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE", individually and in their official capacities, (the names "John" and "John Doe" and "Jane Doe" being fictitious, as the true names are presently unknown),

                  Defendants,
------------------------------------------------------------X

ECF Case

Case
**COMPLAINT**

CV 08 3915

Plaintiff Demands a Trial by Jury

IRIZARRY, J.

GOLD, M.J.

MARK BRYANT ("Plaintiff"), by his attorney, Law Offices of Regina L. Darby, complaining of the defendants, respectfully alleges as follows:

### Introduction

1.     Plaintiff brings this action against individual police officers, supervisors and the City of New York for damages arising out of a beating, other unconstitutional policies and actions, and common law claims arising out of an unlawful stop and arrest by defendant police on May 9, 2006.

### JURISDICTION

2.     Plaintiff brings this action against defendants to redress the deprivation of his civil rights, as said rights are secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983 and common law.

3.     Plaintiff is a citizen of New York. Each defendant is, upon information and belief, a citizen of New York. The matter in controversy exceeds $75,000.

4. This Court has Jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1332, and 1343(a)(3), and 42 U.S.C. §1983.

5. Plaintiff also invokes supplemental jurisdiction of this Court over plaintiff's state law claims against defendants for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

6. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391 because it is the judicial district in which the events and omissions giving rise to plaintiff's claim occurred.

## PARTIES

7. Plaintiff is a resident of New York.

8. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant CITY OF NEW YORK operates and governs the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, City of New York.

10. That at all times hereinafter mentioned, the individually named defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" were duly sworn police officers employed by said department and were acting under the supervision of said department and according to their official duties, and are sued in both their individually and in their official capacities.

11. That at all times hereinafter mentioned the defendants, either personally or through their employees, acted under color of state law, of a statute, ordinance, regulation, custom, or usage.

12. Each and all of the acts of the defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" alleged herein were done by said defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

13. Each and all of the acts of the defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" alleged herein were done by said defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

## FACTS

14. On May 9, 2006, at approximately 4:00 p.m., plaintiff MARK BRYANT was a lawful pedestrian at 111-36 169 Street, Jamaica, New York 11433.

15. At the aforesaid time and place, the defendants, members of the New York City Police Department, unlawfully approached, pursued, chased, stopped, searched, and arrested Plaintiff, despite having knowledge that they lacked probable cause to do so.

16. After plaintiff was taken into custody, he was wrongfully imprisoned, assaulted and severely beaten by the individual defendants, members of the New York City Police Department. As a direct result of the illegal conduct of the defendants, Plaintiff sustained permanent and serious physical and emotional injuries.

17. Plaintiff was unlawfully detained and subjected to excessive force at the time of his arrest, and while in the care and custody of the City of New York Police Department.

18. Plaintiff was eventually removed to Queens General Hospital, where he was treated and released. The Queens County District Attorney's Office refused to charge Plaintiff.

19. As a direct and proximate result of the acts and omissions of defendants, plaintiff continues to feel pain from the injuries caused by the City of New York's police department and the other officers, was forced to suffer pain and mental cruelty, was deprived of physical liberty, and was forced to incur medical and legal expenses.

20. At all times pertinent to these allegations, plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants.

21. At no time did any defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOJN DOE" AND "JANE DOE" have probable cause to believe plaintiff had committed or was committing a crime.

22. Defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" acted with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the statutory and constitutional rights of the plaintiff. The actions of these defendants constitute unreasonable and excessive use of force and deprivation of liberty without due process of law.

23. Upon information and belief, at all times pertinent, City of New York permitted and tolerated a pattern and practice of unreasonable use of force by police officers of City of New York.

24. Upon information and belief, City of New York has maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable and excessive use of force by its police officers.

25. The acts, omissions, systematic flaws, policies, and customs of City of New York caused police officers of City of New York to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against plaintiff and others in the future.

26. Upon information and belief, City of New York Police Department maintained a system of review of police conduct so untimely and cursory as to be ineffective and to permit and tolerate the unreasonable use of force by police officers.

27. The acts, omissions, systematic flaws, policies, and customs of City of New York caused police officers of City of New York to believe that the excessive and unreasonable use of force would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are more likely to use excessive or unreasonable force against plaintiff and others in the future.

## COUNT I
## VIOLATION OF CONSTITUTIONAL RIGHTS
### (Claim for Compensatory Damages)

28. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "27" with the same force and effect as if fully set forth herein.

29. The intentional beatings of plaintiff by defendants, POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" violated the rights of

## COUNT V
## CONSPIRACY TO VIOLATE CIVIL RIGHTS
### (Claim for Compensatory Damages)

40. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" conspired to violate plaintiff's statutory civil rights in violation of 42 U.S.C. § 1983, for which these defendants are individually liable.

## COUNT VI
## ASSAULT AND BATTERY
### (Claim for Compensatory Damages)

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The beatings, verbal abuse, and use of non-deadly force by defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" when defendants had no lawful authority to arrest plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendants or others, was without justification or provocation, was excessive, and constitutes assault and battery for which these defendants are individually liable.

44. As a proximate result of the assault and battery committed by defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE",

that was extreme, outrageous, and unjustified, and caused plaintiff to suffer physical and emotional distress for which these defendants are individually liable.

## COUNT IX
### INTENTIONAL INFLCITION OF EMOTIONAL DISTRESS
**(Claim for Exemplary Damages)**

49. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "48" with the same force and effect as if fully set forth herein.

50. The intentional beatings and verbal abuse of plaintiff by defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" were unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT X
### RESPONDEAT SUPERIOR LIABILITY
**(Claim for Compensatory Damages)**

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. At all times pertinent hereto, defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" were acting within the scope of their employment as an officer of New York City Police Department.

53. City of New York is liable for compensatory damages for the intentional torts of defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" committed within the scope of their employment.

## COUNT XI
## RESPONDEAT SUPERIOR LIABILITY
### (Claim for Exemplary Damages)

54.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.  City of New York, through its agents, expressly authorized defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" to use excessive force; knew, through its agents, that the individual defendants had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in the defendant's wrongful conduct. Plaintiff is thus entitled to exemplary damages against City of New York for the malicious conduct of defendants.

## COUNT XII
## NEGLIGENCE
### (Claim for Compensatory Damages)

56.  Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57.  Defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" while acting as agents and employees for City of New York in their capacity as police officers and supervisors for City of New York, owed a duty to plaintiff to perform their police duties without the use of excessive force. Defendants' use of force upon plaintiff, when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury

to defendants or others, constitutes negligence for which defendant officers are individually liable.

58. Defendant officers' use of force upon plaintiff when defendants had no lawfully authority to arrest plaintiff or to use force against plaintiff constitutes negligence for which defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" are individually liable.

59. As a proximate result of the individual defendants' negligent use and excessive force, plaintiff has sustained permanent injuries and plaintiff has incurred medical bills and other expenses. These injuries have caused and will continue to cause plaintiff pain and suffering, both mental and physical.

## COUNT XIII
## NEGLIGENCE
### (Claim for Exemplary Damages)

60. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. The negligent beatings of plaintiff by defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" when plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to defendant officers or others, when defendants had no lawful authority to arrest plaintiff or to use deadly or non-deadly force against plaintiff, was done with actual malice toward plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of plaintiff. Plaintiff is thus entitled to exemplary damages.

## COUNT XIV
## NEGLIGENCE
### (Claim for Compensatory Damages)

62. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "61" with the same force and effect as if fully set forth herein.

63. At all times of the incident, defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" were acting within the scope of their employment as officers and supervisors of the New York City Police Department.

64. City of New York is liable for compensatory damages under the doctrine of respondeat superior for the negligence of the individual defendants committed within the scope of their employment.

## COUNT XV
## NEGLIGENCE
### (Claim for Compensatory Damages)

65. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. City of New York owed a duty to plaintiff to train and supervise and otherwise control its police officers in the use of deadly force and other matters incidental to the exercise of police functions. City of New York failed to provide adequate training, supervision, and control of defendant officers, which failure constitutes negligence.

67. As a proximate result of City of New York's negligent failure to provide adequate training, supervision, and control of defendant officers, plaintiff has sustained permanent injuries and plaintiff has incurred and will continue to incur medical bills and other expenses. These

injuries have caused and will continue to cause plaintiff pain and suffering, both mental and physical.

## COUNT XVI
## NEGLIGENCE
### (Claim for Exemplary Damages)

68. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. City of New York's failure to provide adequate training and supervision to its police officers constitutes willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including plaintiff. Plaintiff is thus entitled to exemplary damages.

70. City of New York, through its agents, expressly authorized defendants POLICE OFFICER "JOHN" BARR, POLICE OFFICER "JOHN" WASHINGTON, POLICE OFFICER "JOHN" SULLIVAN, SARGENT "JOHN" SCHMIDT, "JOHN DOE" AND "JANE DOE" to use excessive force; knew. Through its agents, that defendant officer had a propensity for committing intentional torts, using excessive force in the line of duty; and acquiesced in the defendants' wrongful conduct. Plaintiff is thus entitled to exemplary damages against City of New York for the malicious conduct of defendants.

**WHEREFORE**, Plaintiff demands judgment against the defendants, jointly and severally, for compensatory damages in an amount to be determined by a jury; exemplary damages in an amount to be determined by a jury; punitive damages in an amount to be determined by a jury, reasonable attorney's fees and the costs and disbursements of this action; and such other and further relief as appears just and proper.

Dated:   Bronx, New York
         September 24, 2008

*Regina L. Darby* (signature)
Regina L. Darby (RLD-9288)
Law Offices of Regina L. Darby
Attorneys for Plaintiff
20 Vesey Street, Ste. 310
New York, New York 10007
(212) 925-5040